UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERLY D. BROWN,<br><br>                Plaintiff,<br><br>    – against –<br><br>NYC BOARD OF ELECTIONS, JUAN CARLOS POLANCO, JOSE ARAUJO-Queens County Democratic Commissioner, STEVEN RICHMAN-General Counsel, RICHARD BROWN-Queens County District Attorney, NEW YORK STATE ATTORNY GENERAL,<br><br>                Defendants. | **MEMORANDUM, ORDER, & JUDGEMENT**<br><br>13-CV-2729 |

JACK B. WEINSTEIN, Senior United States District Judge:

**Appearances**

    **For Petitioner:**

        Everly D. Brown
        249-22 147th Ave.
        Rosedale, NY 11422
        PRO SE

    **For Defendants:**

        Stephen Edward Kitzinger
        New York City Law Department
        100 Church St.
        Room 2-126
        New York, NY 10007

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 0 3 2013 ★
BROOKLYN OFFICE

I.  **Introduction**

Excluded for a place on the ballot in 2011, plaintiff, pro se, alleges that the requirements to run for District Attorney in Queens County violate both the New York State Constitution and the U.S. Constitution. He seeks declaratory judgment and damages.

Defendants move to dismiss on the merits and for failure to prosecute.

On two occasions on which this motion to dismiss on the merits was to be heard, plaintiff failed to appear.

The case is not mooted because the issue may arise again and again. *See Storer v. Brown*, 415 U.S. 724, 737 (1974) (finding that challenges to election laws may avoid mootness because they are "capable of repetition, yet evading review").

The case is dismissed.

II. **Facts**

Plaintiff intended to stand as a candidate for District Attorney in Queens County in the 2011 election. On August 2, 2011, the Board of Elections denied his petition for candidacy because he is not an attorney and did not gather the minimum number of signatures required to be placed on the ballot. *See Am. Compl.* at 2-3. He instituted a proceeding in the New York Supreme Court to have his petition declared valid. *See* N.Y. Elec. Law § 16-102. The petition was denied on August 9, 2011. The Appellate Division affirmed on September 7, 2011. *Brown v. Bd. of Elections*, 87 A.D.3d 947 (2d Dep't 2011).

Alleging that the method for electing the district attorney violate the New York State Constitution and the United States Constitution, he claims that the individual defendants are liable because they enforced these procedures.

The elements for a position on the ballot are: first, a candidate for District Attorney must be an attorney; second, a candidate for District Attorney must gather at least 4,000 signatures from members of the candidate's party, *see* N.Y. Elec. Law § 6-136(2)(b); third, the signatures must be witnessed by a member of the candidate's party, *see* N.Y. Elec. Law § 6-132(2); fourth, decisions on the validity of signature and other requirements are decided by the Board of Electors, composed of Democrats and Republicans to the exclusion of minor parties, *see* N.Y. Elec. Law § 3-200; and fifth, election inspectors are appointed by the Democratic and Republican parties to the exclusion of minor parties, *see* N.Y. Elec. Law § 3-400.

### III. Law

#### A. Standard on Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows claims to be dismissed when the pleading party has failed "to state a claim upon which relief can be granted." In adjudicating a 12(b)(6) motion, a court is required to "accept all factual allegations in the complaint as true and draw all reasonable inferences" in favor of the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "[T]he defendant has the burden of demonstrating 'beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief.'" *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 36 (E.D.N.Y. 2009) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957) (footnote omitted)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In ruling on a motion to dismiss, the court's duty "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "Analysis is confined to the allegations contained within the four corners of the complaint, though the court may examine any written instrument attached to the complaint or any statements or documents incorporated in it by reference." *Weber*, 259 F.R.D. at 37 (internal quotation marks, punctuation, and citation omitted). The court may consider matters of which judicial notice may be taken pursuant to Federal Rule of Evidence 201. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

## B. Administration of Elections

The right to vote in any manner and the right to associate for political purposes through the ballot are not absolute. *See Burdick v. Takushi*, 504 U.S. 428 (1992). As the Supreme Court instructs, "[c]ommon sense, as well as constitutional law, compels the conclusion that government must play an active role in structuring elections." *See id.*

Constitutionality of petition requirements depends upon the extent to which they burden individuals' rights to vote, to run as a candidate, and to associate with others for political ends. *See id.* at 434. As a practical matter, an election code, whether governing "the registration and qualifications of voters, the selection and eligibility of candidates, or the voting process itself, inevitably affects" these rights. *Id.* at 433. So long as the petition requirements "impose[] only 'reasonable, nondiscriminatory restrictions,'" *id.* at 434, the state's important interest in restricting ballot access to avoid "confusion, deception, and even frustration of the democratic process" are generally sufficient to justify the restrictions. *LaRouche v. Kezer*, 990 F.2d 36, 39 (2d Cir. 1993) (citation omitted).

## IV. Application of Facts to Law

### A. Claims against the Attorney General

Plaintiff makes no allegations regarding the Attorney General. Claims against him are dismissed.

### B. Claims against Individuals

Plaintiff makes no allegations to support a claim of wrongdoing by defendants Juan Carlos Polanco, Jose Araujo, Steven Richman, or Richard Brown in either their personal or official capacity. All claims against these individuals are dismissed. These individuals either performed their duties under New York statutes or were not involved in the election process.

### C. Requirement to be an Attorney

Based on the New York Constitution and statutes, the New York Court of Appeals has ruled: "[T]he nature of the District Attorney's duties and responsibilities to the public require the officeholder to be an attorney." *Matter of Curry v. Hosley*, 86 NY2d 470, 475 (1995). No provision of the United States Constitution prohibits a state from enforcing this reasonable requirement.

### D. Requirement for 4,000 Signatures

Section 6-136(2)(b)'s limitation requiring a minimum of 4,000 signatures does not impose a severe burden on plaintiff in gaining access to the ballot. "Unlimited access to the ballot would inevitably produce confusion, and states may thus limit the number of candidates that appear on the ballot." *LaRouche* at 39. One way states may institute limitations is by "requiring candidates to produce evidence of public support" through ballot petition requirements. *Id.* at 40.

5

Queens County had 702,466 voters registered with the Democratic Party in 2011, *see NYSVoter Enrollment by County, Party Affiliation and Status: Voters Registered as of April 1, 2011*, http://www.elections.ny.gov/NYSBOE/enrollment/county/county_apr11.pdf. The signature requirement can be met by a prospective candidate with "a significant modicum of support," *see Jenness v. Fortson*, 403 U.S. 431, 442 (1971). S*ee Prestia v. O'Connor*, 178 F.3d 86, 88 (2d Cir. 1999) ("[A] requirement that ballot access petitions be signed by at least 5% of the relevant voter pool is generally valid, despite any burden on voter choice that results when such a petition is unable to meet the requirement." (citations omitted)).

The Equal Protection Clause of the United States Constitution is not violated by the disparity in signatures required by the relatively highly and densely populated Queens County on the one hand, and the relatively sparsely populated Nassau, Suffolk, and Westchester counties on the other. "Gearing the required number of signatures to the population density of the relevant electoral area is a rational method of protecting the public's interest, the candidates' interests, and the voters' interests." *McGee v. Bd of Elections*, 669 F.Supp. 73 (S.D.N.Y 1987). Queens County has over twice as many registered Democratic voters and is over four times as densely populated as Nassau County, Suffolk County, or Westchester County. *See NYSVoter Enrollment; see U.S. Census Bureau, State & County QuickFacts: Queens County (Queens Borough), New York* (2010), http://quickfacts.census.gov/qfd/states/36/36081.html; *U.S. Census Bureau, State & County QuickFacts: Nassau County, New York* (2010), http://quickfacts.census.gov/qfd/states/36/36059.html; *U.S. Census Bureau, State & County QuickFacts: Suffolk County, New York*, (2010), http://quickfacts.census.gov/qfd/states/36/36103.html; *U.S. Census Bureau, State & County*

*QuickFacts: Westchester County, New York*, (2010), http://quickfacts.census.gov/qfd/states/36/36119.html.

The required number of signatures satisfies constitutional standards.

### E. Party Witness Rule

The United States Court of Appeals for the Second Circuit recently has upheld the Party Witness Rule. *See Maslow v. Bd. of Elections*, 658 F.3d 291(2d Cir. 2011). The Rule "imposes little or no burden on Plaintiffs' First Amendment rights," *id.* at 296, and is rationally related to the State's "legitimate interest in protecting its political parties from party raiding," *id. at* 298 (citations omitted). This conclusion is also supported by the First Amendment rights of political parties. "Because political parties have a strong associational right to exclude non-members from their candidate nomination process, Plaintiffs have no constitutional right pursuant to which such participation may be effected." *Id. at* 298.

### F. Appointment of Commissioners and Inspectors

Plaintiff argues that the appointment of commissioners on the Board is unconstitutional because it is evenly composed of Democratic and Republicans, thus depriving independents – namely Shadai Mears, the witness to his signatures – of "representation" on the Board. *See* Compl. at 7. Plaintiff attempted to run as a Democratic candidate. He makes no allegations regarding how the composition of commissioners affects his ability to receive fair treatment before the Board. He lacks standing to bring his fourth and fifth causes of action. *See Lehner v. O'Rourke*, 339 F. Supp. 309, 314 (S.D.N.Y 1091) ("Plaintiff claims that this statutory scheme unfairly discriminates against persons who do not belong to either of the two major political parties. Without passing on the merits of his claim, I find that plaintiff had no standing to raise it because he is, and ran in the election as, a Democrat").

The United States District Court for the Southern District of New York has fully considered the merits of this issue. *See Green Party of State of New York v. Weiner*, 216 F. Supp. 2d 176. "[T]his exclusion of minority parties from the administration of elections does not by itself unconstitutionally burden fundamental voting or associational rights." *Id.* at 193. New York's statutory scheme is rationally related to the State's legitimate to provide "stability and avoid political contention over electoral mechanics." *Id.*, at 195. "Nothing about this goal would require the State to include representatives of all of New York's many minor parties in the allocation of that responsibility." *Id. See also Lehner v. O'Rourke*, 339 F. Supp. 309 (S.D.N.Y. 1971) (upholding procedure for appointing inspectors against a challenge by a member of a major party).

## V. Sanctions Motion or Frivolous Proceeding

The complaint and failure to appear mark this proceeding as perilously close to frivolous. Yet, since the court has 1) had no opportunity to hear the plaintiff, and 2) courts should be freely open to those wishing to participate in an election as candidates, and 3) sanctions against pro se plaintiffs might unduly inhibit people from becoming candidates, the motion for sanctions is denied.

## VI. Conclusion

The complaint is dismissed. No costs or disbursements are awarded.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: December 2, 2013
Brooklyn, New York